UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DE LA CRUZ-SOTO,<br><br>                    Petitioner,<br><br>        v.<br><br>WARDEN, CALIFORNIA CITY DETENTION CENTER<br><br>                    Respondent. | No.  1:26-cv-04344-DAD-SCR (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING MOTIONS FOR A TEMPORARY RESTRAINNG ORDER AND TO EXPEDITE AS MOOT<br><br>(Doc. Nos. 1, 2, 11) |

On June 8, 2026, petitioner, an immigration detainee proceeding *pro se*, filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241.  (Doc. No. 1.)  That same day, petitioner filed a motion for a temporary restraining order seeking his immediate release from immigration detention.  (Doc. No. 2.)  Thereafter, the court set a briefing schedule as to petitioner's motion for a temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several prior cited cases that this court has decided.  (Doc. No. 5.)  In addition, the court directed that if respondent opposed the court ruling on the underlying *habeas corpus* petition based on the briefing currently before it, respondent was to indicate in the opposition and provide substantive reasons in support of that position.  (*Id.*)

/////

1

Respondent's opposition represents that petitioner previously sought habeas relief from this court in Case No. 2:26-cv-00823-DAD-AC. (Doc. No. 8 at 1.) A review of the docket in that previous action reveals that, on March 16, 2026, this court granted petitioner's motion for temporary restraining order, finding that petitioner was not subject to detention pursuant to 8 U.S.C. § 1225(b)(2), pursuant to the court's prior reasoning in *Quichimbo-Jimenez v. Warden, California City Corr. Ctr.*, No. 2:26-cv-00739-DAD-EFB, 2026 WL 679378 (E.D. Cal. Mar. 10, 2026), and ordering that respondent provide petitioner with a bond hearing within 10 days pursuant to 8 U.S.C. § 1226(a). (2:26-cv-00823-DAD-AC, Doc. No. 9.) In that order, the court denied the request for petitioner's immediate release without prejudice to its refiling. (*Id.*) A further review of the docket in the earlier-filed action indicates that, on April 24, 2026, petitioner previously filed a motion for the court to enforce its prior judgment by ordering that respondent provide him a bond hearing. (*Id.,* Doc. No. 13.) On April 27, 2026, respondent filed a response to that request stating that, on April 21, 2026, petitioner was ordered removed from the United States, but that his detention authority had not yet shifted because his removal order was not administratively final. (*Id.*, Doc. No. 14.) On May 28, 2026, before the court resolved the motion to enforce judgment, petitioner filed a motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). (Case No. 2:26-cv-00823-DAD-AC, Doc. No. 15.) On June 1, 2026, the Clerk of the Court closed that case pursuant to the petitioner's motion for voluntary dismissal.[1] (*Id.*, Doc. No. 16.)

In respondent's opposition in this present case, it attaches the immigration judge's order regarding a bond hearing, which states that the "TRO bond request [was] withdrawn by [petitioner]." (Doc. No. 8-1 at 1.) Further, respondent argues that petitioner's detention is proper because he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). (Doc. No. 8 at 1-2.) The court rejected this same argument advanced by respondent in petitioner's earlier action, as described above. Respondent further states that petitioner is subject to a "final order of removal." (Doc. No. 8 at 1.) That is also currently incorrect. While the immigration judge has

---

[1] The closure of that previous case by the Clerk without prejudice need not be addressed because of the relief that is granted in this order.

2

ordered petitioner removed, petitioner has appealed that removal order to the Board of Immigration Appeals and, as a result, there is not yet a "final order" of removal. *See* 8 C.F.R. § 1241.1(a) (appealed removal order becomes final only upon dismissal of appeal by the BIA).

Respondent identifies no other detention authority which permits petitioner's continued detention. In short, respondent has been on notice for months of petitioner's request for a bond hearing pursuant to 8 U.S.C. § 1226(a), and has argued that, despite this court's prior finding and with no argument that this court should reconsider that prior finding, petitioner is not entitled to a bond hearing because he is subject to mandatory detention. The court again rejects respondent's argument, as it has several times before. *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP, 2026 WL 392389 (E.D. Cal. Feb. 12, 2026).

The question becomes what the proper remedy given the current record. The court finds, considering respondent continuing to misclassify petitioner's detention, despite a binding order finding that petitioner was not subject to detention under 8 U.S.C. § 1225(b)(2), and there being no real bond hearing provided following notice of petitioner's request for months, the appropriate remedy is release. *See, e.g., Feng v. Lyons*, No. 1:26-cv-00235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) ("Provision of a bond hearing after months of detention without the opportunity to seek release on bond cannot be said to satisfy due process where that bond hearing is a matter of statutory right."). Moreover, to preserve the status quo *ante litem*, the court finds that immediate release is the appropriate remedy in this case.

For the reasons above,

1.  Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

    a.  Respondents are ORDERED to immediately release petitioner, Jose De La Cruz-Soto, A-File No. 097-700-438, from respondent's custody on the conditions, if any, he was subject to prior to his detention on or about January 23, 2026;

    b.  Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing

petitioner notice and a pre-detention hearing before an immigration judge, at which hearing the burden will be set in accordance with 8 U.S.C. § 1226(a), and its implementing regulations;

3.    Petitioner's motion for a temporary restraining order (Doc. No. 2) and motion to expedite (Doc. No. 11) are hereby DENIED as moot in light of this order granting his *habeas corpus* petition on the merits;

4..    The Clerk of the Court is directed to serve a copy of this order on the warden of the California City Detention Center; and

5.    The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:    **June 30, 2026**                    _____
                                               DALE A. DROZD
                                               UNITED STATES DISTRICT JUDGE